## MORAN *v.* SECORD.

### *(Circuit Court, S. D. New York. 1883.)*

IMPRISONED DEBTOR—DISCHARGE UNDER NEW YORK CODE—ESCAPE.

> The defendant, an imprisoned debtor, petitioned for a discharge. The plaintiff opposed on the ground that the application was premature, the defendant not having been imprisoned on the execution issued from this court for a period of three months, as is required by section 2202 of the New York Code of Civil Procedure. *Held*, that such objection was well taken. The statute in such cases must be strictly followed to give the court jurisdiction, and a discharge granted before a strict compliance with the statute in this respect would render the marshal liable in an action for an escape.

*Robert Mazet*, for motion.

*E. W. Searing*, opposed.

COXE, J. The defendant, an imprisoned debtor, petitions for a discharge. The plaintiff opposes on the ground, among others, that the application is premature, the defendant not having been imprisoned on the execution issued out of this court for a period of three months, as required by section 2202 of the Code of Civil Procedure. After careful consideration it is thought that this objection, though technical, is well taken. Unless the statute is strictly followed the court does not acquire jurisdiction, and a discharge then granted would

render the marshal liable in an action for an escape. The defendant was originally imprisoned by virtue of an order of arrest issued out of the state court. While he was still in the custody of the sheriff the case was removed to this court, where judgment was subsequently rendered in favor of the plaintiff for $6,582.71. The judgment was docketed February 24, 1882. On the fifteenth day of May thereafter an execution against the person of the defendant was issued to the marshal. The defendant being still in the custody of the sheriff, the marshal was unable to execute his process until the twenty-ninth day of December, 1882, when the prisoner was transferred to him by an order of this court. On that day the following return was indorsed on the execution:

"I certify that on the twenty-ninth day of December, 1882, at the city of New York, in my district, I arrested the within-named defendant, David P. Secord, and have committed him to the jail of the city and county of New York, as I am within commanded.

"Dated December 29, 1882.

"HENRY E. KNOX, U. S. Marshal."

The petition in this matter was presented to the court on the twelfth day of January, 1883, 14 days thereafter. It was thought on the argument—the execution having superseded the order of arrest—that the defendant was, constructively at least, imprisoned by virtue of the execution, but a careful reading of the statute leads to the conclusion that imprisonment must be actual and not constructive. Where the amount exceeds $500, the language of the statute is: "A person so imprisoned  *  *  *  cannot present such a petition until he has been imprisoned, *by virtue of the execution,*  *  *  *  for at least three months." It is not necessary to inquire here who was to blame for the defendant's detention by the sheriff for seven months and more after the execution had been placed in the hands of the marshal. The fact cannot be controverted that the imprisonment on the marshal's execution had lasted but 14 days when this petition was presented. In *Dusart* v. *Delacroix,* 1 Abb. Pr. (N. S.) 409, note, the precise question was decided, the court holding that the statute contemplated an actual imprisonment, under the execution, for a period of three months. See, also, *In re Rosenberg,* 10 Abb. Pr. (N. S.) 450.

It follows that the application must be denied on the ground stated, but with leave to renew on the payment of $10 costs, at any time after the expiration of three months from December 29, 1882.